IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**CHRISTOPHER M. MCCARTNEY,**　　　　　Case No. 3:18 CV 538

　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　　Magistrate Judge James R. Knepp, II

**MARTEN TRANSPORT LTD.,**

　　Defendant.　　　　　　　　　　　　　MEMORANDUM OPINION AND ORDER

## INTRODUCTION

This is a state-law wrongful discharge case removed to this Court from the Hancock County Common Pleas Court on the basis of diversity jurisdiction. *See* Doc. 1. Currently pending before the Court is Plaintiff's motion to remand (Doc. 10), to which Defendant has responded (Doc. 11), and Plaintiff has replied (Doc. 13). Also pending before the Court are Defendant's motion to dismiss Plaintiff's original complaint (Doc. 8), Defendant's motion to dismiss Plaintiff's first amended complaint (Doc. 12), and Defendant's motion to strike (Doc. 15). For the reasons stated below, Plaintiff's motion to remand (Doc. 10) is denied; Defendant's motion to dismiss the original complaint (Doc. 8) is denied as moot; and Defendant's motion to strike (Doc. 15) is denied.

## BACKGROUND

This case, alleging wrongful discharge in violation of Ohio public policy, was originally filed in the Hancock County Court of Common Pleas on February 5, 2018. (Doc. 1-2). On March 8, 2018, Defendant removed the case to this Court, citing diversity jurisdiction. (Doc. 1). On March 15, 2018, Defendant filed a Motion to Dismiss for failure to state a claim. (Doc. 8). On

April 2, 2018, Plaintiff filed a motion to remand to state court. (Doc. 10). Contemporaneously, Plaintiff filed an amended complaint with an altered prayer for relief asserting he seeks "less than" $74,500.00. (Doc. 9, at 6). Defendant opposed remand (Doc. 11), and filed a motion to dismiss Plaintiff's first amended complaint (Doc. 12). Petitioner filed a Reply (Doc. 23). And this Court granted Plaintiff's motion to stay his response to the motion to dismiss (Doc. 14), until after a ruling on the remand motion. *See* Non-document entry dated April 24, 2018. Defendant subsequently filed a motion to strike portions of Plaintiff's reply. (Doc. 15).

## DISCUSSION

As a general matter, a civil case brought in a state court may be removed by a defendant to federal court only if it could have been brought there originally. 28 U.S.C. § 1441(a). A federal district court has original "diversity" jurisdiction where "the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the suit is between "citizens of different states." 28 U.S.C. § 1332(a). A defendant removing a case has the burden of proving that these diversity jurisdiction requirements are met. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97 (1921). Where, as here, the complaint specifies only "some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," the defendant must show by a "preponderance of the evidence" that the plaintiff's claims are greater than $75,000. *Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 157 (6th Cir. 1993).

"[W]hen a defendant's assertion of the amount in controversy is challenged . . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Further, "[t]his Court may consider evidence of the amount in controversy at the time of removal regardless of whether that evidence was produced

(or available) at the time of removal." *Puri v. Baugh*, 2015 WL 3796346, at *3 (W.D. Ky.) (citing *Holland v. Lowe's Home Ctrs., Inc.*, 198 F.3d 245, 1999 WL 993959, at *2 (6th Cir.) (table) (considering oral arguments before appellate court in reviewing amount in controversy determination)). Importantly, a defendant does not meet its burden if it establishes only "a mere possibility that the jurisdictional amount is satisfied." *Everett v. Verizon Wireless, Inc.,* 460 F.3d 818, 829 (6th Cir. 2006).

Because there is no dispute the parties are citizens of different states, the sole issue presented by the motion to remand is whether Defendant has carried its burden of establishing that the amount-in-controversy more likely than not exceeds $75,000. As a preliminary matter, the undersigned notes Defendant is correct that once a case is properly removed, a plaintiff cannot amend the complaint to defeat diversity jurisdiction by lowering the amount in controversy. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 294 (1938) ("events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction"). As such, the Court is not bound by Plaintiff's attempt to amend his complaint to change his prayer for relief to "an amount exceeding the sum of . . . $25,000.00 . . . but less than the sum of . . . $74,500.00". (Doc. 9, at 6).

Thus, the undersigned turns to whether Defendant has shown by a preponderance of the evidence that the amount in controversy exceeded $75,*000 at the time of removal*. In its original notice of removal, Defendant asserted:

> 8. Moreover, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Indeed, although Plaintiff's Complaint provides merely that Plaintiff seeks damages "in an amount exceeding the sum of Twenty-Five Thousand Dollars ($25,000.00)" [Complaint, p. 5], the Ohio Rules of Civil Procedure prohibit him from specifying the precise amount of damages sought in his Complaint, *see* Ohio R. Civ. P. 8(A).

> 9. Other portions of Plaintiff's Complaint, as well as relevant background facts, clearly demonstrate that the amount Plaintiff seeks far exceeds $25,000.00 and, in fact, exceeds $75,000.00. Among other things, Plaintiff specifically asserts that he is entitled to compensatory damages, "including lost past and future wages and benefits," as well as *punitive* and general damages …." [Complaint, P. 5, emphasis added.] Further, Plaintiff earned an average of approximately $5,700.00 per month in wages during the last five months of his employment with Marten (from January 1, 2017, until June 1, 2017), an amount that equates to a little less than $70,000.00 per year, not including the monetary value of the employment benefits he was receiving from Marten. [Declaration of Susan Deetz, submitted herewith, at ¶ 4.]

(Doc. 1, at 2-3).

In support of its allegation that removal was proper, Defendant points to three factors: 1) Plaintiff's lost wages; 2) Plaintiff's request for general damages, including professional damage, mental, and emotional distress; and 3) Plaintiff's request for punitive damages. Defendant attaches the Second Declaration of Susan Deetz in support of its calculations regarding Plaintiff's wages and benefits when employed by Defendant. *See* Doc. 11-1. In his reply, Plaintiff contends: 1) Defendant's lost wages calculation is incorrect, as he has mitigated his lost wages by obtaining other employment, and 2) it is more likely than not that punitive damages would not be awarded in this case. *See* Doc. 13. He attaches his own Affidavit asserting he obtained substitute employment on "approximately June 22, 2017" after receiving unemployment compensation for "about three weeks of time". (Doc. 13-1, at 1). He asserts that he earns "approximately $1000 per week" and receives insurance coverage at his new employment comparable to what he received when working for Defendant with his new employer "paying a portion of [his] premiums as [Defendant] paid a portion of [his] premiums when [he] worked for them." *Id.* at 2. Defendant subsequently moved to strike portion of Plaintiff's reply brief because "[i]t is well-settled that '[i]ssues raised for the first time in a reply

brief are not properly before' a court." (Doc. 15, at 4) (quoting *United States v. Perkins*, 994 F.2d 1184, 1191 (6th Cir. 1993)).

Based on the information submitted—even accepting the late produced Affidavit from Plaintiff[1]—the undersigned concludes Defendant has shown by a preponderance of the evidence that the amount in controversy requirement of 28 US.C. § 1332 is met.

First, according to Plaintiff's own calculation, and the reasonable assumption that this case is unlikely to be resolved by a jury verdict prior to December 2018[2], Plaintiff will continue to accrue back wages damages while this cases is pending, making his compensatory damages at least $24,600. *See* Doc. 11, at 5 (Defendant's use of December 2018 date); (Doc. 13, at 4) (Plaintiff's adoption of December 2018 date for lost wage calculation purposes). *See also Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 479 (6th Cir. 2014) ("It is appropriate to consider back pay beyond the time of removal when a plaintiff seeks an award for back pay that includes future accruals.") (internal quotation omitted). Further, Plaintiff seeks lost future wages in addition to lost past wages. *See* Doc. 9, at 6. Thus, a jury could award additional damages to cover a time period subsequent to any verdict.

---

1. The Court notes it agrees with Defendant that issues raised for the first time in a reply brief are typically deemed waived. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). And Plaintiff's original motion to remand strongly suggested Plaintiff was still unemployed. *See* Doc. 10, at 4 ("Indeed, at the present time, Plaintiff has not been unemployed for even a year . . . ."). It was not until his reply brief that Plaintiff alleged, for the first time, that his lost wages were less significant because he obtained substitute employment over *ten months* prior. *See* Doc. 10-1, at 1. However, the undersigned will consider the evidence given: 1) the jurisdictional question at issue is about the Court's power to hear this case; and 2) there is no prejudice to Defendant in considering the evidence (as it does not change the outcome). Therefore, Defendant's motion to strike (Doc. 15), is denied.
2. The undersigned uses the December 2018 date as it is the date used by the parties, however, it is more likely the case would extend beyond December 2018, thus pushing Plaintiff's lost wage claim higher. *See* Local Rule 16.2(a)(2) ("expedited" track cases to be completed within nine months of filing; "standard" track cases to be completed within fifteen months of filing).

5

Second, Plaintiff's amended complaint alleges "general damages" and contains a claim he has suffered "professional damage, and great mental and emotional stress, anxiety, humiliation and embarrassment." (Doc. 9, at 6). In determining the amount in controversy, the Court may consider these unspecified amounts of damages. *See Shupe*, 566 F. App'x at 480 (recognizing that, for the purpose of tallying the amount in controversy in a wrongful-termination action, the plaintiff's alleged unspecified damages for humiliation and embarrassment "would be in addition to" back pay). As Defendant points out by way of example, courts within the Sixth Circuit have upheld damages awards for professional reputation injury and humiliation in amounts such as $25,000 (citing *Wiskotoni v. Mich. Nat'l Bank-West*, 716 F.2d 378, 390 (6th Cir. 1983)), and $85,000 (citing *Speers v. Univ. of Akron*, 196 F. Supp. 2d 551, 557 (N.D. Ohio)). (Doc. 11, at 6). Plaintiff's response to this is simply that "[t]hrough Defendant's logic, every case could be brought in federal court with diverse parties without limitation, by only invoking the potential that *maybe* emotional damages could be sought that *might* be over the jurisdictional amount." (Doc. 13, at 4). But Plaintiff himself here expressly seeks damages for, *inter alia*, "professional damage, and great mental and emotional stress, anxiety, humiliation and embarrassment." (Doc. 9, at 6). There is no "maybe" in his demand for emotional (and other) damages. Further, the undersigned's amount in controversy determination is not based solely on this general damage claim, but the general damage claim in addition to Plaintiff's past and future wage, and punitive damages claims.

Third, Plaintiff's complaint alleges punitive damages. The Sixth Circuit has explained that "[a]s a general rule" the amount-in-controversy analysis "must also take into account the ability of Plaintiff . . . to recover punitive damages, 'unless it is apparent to a legal certainty that such cannot be recovered.'" *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 408 (6th

Cir. 2007) (quoting *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)). Plaintiff contends that an award of punitive damages is "unlikely". (Doc. 13, at 5). "Unlikely", however, is not the same as "apparent to a legal certainty that such cannot be recovered." *See Shupe*, 566 F. App'x at 480 (finding fact that plaintiff must prove punitive damages "by clear and convincing evidence" did not "amount to a legal certainty" she could not recover such damages). Plaintiff here alleged punitive damages in his complaint (and, even, in his amended complaint). And, as Plaintiff points out in reply, punitive damages are available when a defendant has acted with malice. *See* Ohio Rev. Code. § 2315.21(C)(1). Here, in his amended complaint, Plaintiff asserts he was subjected to verbal threats by a co-worker, including threats he interpreted as potentially leading to "the event of an armed or hostile attack", which he repeatedly reported to his supervisor. *See* Doc. 9, at 2-3. If Plaintiff were to prove malice at trial, Ohio law would permit him to recover punitive damages. And, as Plaintiff also points out, Ohio law permits punitive damage awards up to twice the amount of compensatory damages. *See* Ohio Rev. Code § 2315.21(D)(2)(a); *see also* Doc. 13, at 5 ("Even by liberally multiplying the compensatory damages by two, the punitive damages would only be $49,200. Thus, the total amount of damages at issue in this case, even with stretching the compensatory damages and adding in unlikely punitive damages, would be $73,800.").[3]

Taken as a whole, the undersigned finds Defendant has shown it is more likely than not that the amount in controversy in this case exceeds the jurisdictional threshold of $75,000. Even assuming Plaintiff's lost back wages are only $24,600, his assertions of lost future wages, general damages, and punitive damages push this case above the jurisdictional threshold amount of $75,000. *See T&W Forge v. V&L Tool, Inc.*, 2005 WL 2739321, at *3 (N.D. Ohio) (finding

---

3. Plaintiff's calculation includes no allowance for any damages on his claim for general damages.

assertion of $32,491.52 in compensatory damages plus punitive or exemplary damages "to be determined by a jury" sufficient to satisfy the amount in controversy requirement). In analyzing the Plaintiff's prayer for relief, the court in *T&W Forge* explained:

> Rather than specifically averring damages of less than $75,000, plaintiff alleges that "the damages *pled on the face of the Complaint* are less tan [sic] $75,000."[5][4] The "damages pled on the face of the Complaint" include $32,491.52 in compensatory damages plus punitive or exemplary damages "to be determined by a jury." This merely begs the question of whether the punitive or exemplary damages "to be determined by a jury" might exceed $42,508.48. *See Lewis v. Exxon Mobil Corp.,* 348 F.Supp.2d 932, 933–34 (W.D.Tenn.2004) (finding that the jurisdictional threshold was met, in spite of an allegation in the complaint that "neither Plaintiff nor any class member asserts a claim in excess of $75,000," when the complaint demanded "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages"). Defendant is not required to prove that the plaintiff is actually entitled to punitive damages exceeding this amount to meet the preponderance or "more likely than not" standard. *Hayes,* 266 F.3d at 572. As long as "state law at least arguably permits the type of damages claimed, the amount in controversy requirement will be satisfied even if it is unlikely that the plaintiff can recover an amount exceeding the jurisdictional requirement." *Kovacs v. Chesley,* 406 F.3d 393, 397 (6th Cir. 2005).

*Id.* Similarly here, the undersigned finds Defendant has shown by a preponderance of the evidence that Plaintiff's lost future wages *plus* general damages *plus* punitive damages more likely than not exceeds the $50,400 necessary to reach $75,000 from the starting point of Plaintiff's $24,600 lost back wage claim. As such, Plaintiff's motion to remand (Doc. 10) is denied.

---

4. The footnote here reads: "Moreover, even if plaintiff had unequivocally disavowed damages in excess of $75,000, it would not preclude an independent inquiry into the amount in controversy. Because Ohio Civil Rule 54(c) allows a party to recover an amount in excess of its demand, the removing defendant always has an opportunity to show it is more likely than not that the amount in controversy actually exceeds $75,000. *Rogers,* 230 F.3d at 871."

Pending Motions to Dismiss

Defendant's original motion to dismiss (Doc. 8) is moot. *See, e.g.*, *Cedar View, Ltd. v. Colpetzer*, 2006 WL 456482, at *5 (N.D. Ohio) (the "earlier motion to dismiss . . . and motion for judgment on the pleadings . . . are denied as moot, as they refer to a version of the complaint that has since been replaced. . . ."). Defendant's motion to dismiss Plaintiff's first amended complaint (Doc. 12) is currently pending. The undersigned stayed the time for Plaintiff's response pending the outcome of the motion to remand. (Non-document entry dated April 24, 2018). As the motion to remand is denied, Plaintiff is hereby granted until June 8, 2018 to file his response to Defendant's motion to dismiss (Doc. 12).

## CONCLUSION

Following review, and for the reasons stated above: Defendant's motion to dismiss (Doc. 8) is denied as moot; Plaintiff's motion to remand (Doc. 10) is denied; and Defendant's motion to strike (Doc. 15) is denied.

        s/James R. Knepp II  
United States Magistrate Judge